# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| K.R. LACEY, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, DIMITRIS PSILLAKIS, SCOTT WEBER, and EURO MOTORCARS GERMANTOWN, LLC<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453 (CLASS ACTION FAIRNESS ACT)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant Mercedes-Benz USA, LLC ("MBUSA"), by and through its undersigned counsel, hereby removes to this Court the state-court action described herein.

Federal diversity jurisdiction over this matter exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), because this case is a "class action" under CAFA, the CAFA diversity of citizenship requirements are fully met, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. MBUSA states the following grounds for removal:

## I.    INTRODUCTION

1.      On July 22, 2024, plaintiff K.R. Lacey filed a class action against MBUSA, Dimitris Psillakis, Euro Motorcars Germantown, LLC, and Scott Weber (collectively, "Defendants") in the Maryland Circuit Court for Montgomery County, styled *K.R. Lacey, individually, and on behalf of all others similarly situated v. Mercedes-Benz USA, LLC, et al.*,

Civil No. C-15-CV-24-003836 ("Class Action Complaint").  At the time of filing this Notice of Removal, the case was still pending in the Maryland Circuit Court for Montgomery County.  *See* 28 U.S.C. § 1441(a).

2.        The Class Action Complaint was served on MBUSA on August 29, 2024.

3.        True and correct copies of the Class Action Complaint, Summons, all other documents as filed in this action in the Circuit Court, and a current docket sheet are attached hereto as **Exhibit 1**.  *See* 28 U.S.C. § 1446(a).

4.        When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, a defendant may remove the action to federal court.  28 U.S.C. § 1441(a).

5.        This Court has original jurisdiction over this action under CAFA, 28 U.S.C. section 1332 *et seq*.  The action may be removed from the Maryland Circuit Court for Montgomery County, Maryland to this Court pursuant to 28 U.S.C. sections 1332(d), 1446 and 1453(b), because it is a "class action" comprised of at least 100 members in the aggregate, there is CAFA diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $5 million exclusive of interest and costs.

## II.    THE REMOVED ACTION IS A CLASS ACTION SUBJECT TO CAFA JURISDICTION

6.        This case is a "class action" as defined in 28 U.S.C. section 1332(d)(1)(B) and is therefore removable under the provisions of CAFA.  *See, e.g*., Ex. 1 at 17-19 ¶ 1. Pursuant to 28 U.S.C. § 1453(b), class actions subject to CAFA "may be removed by any defendant without the consent of all defendants."

7.        In her Class Action Complaint, plaintiff seeks certification of a class pursuant to Maryland Rule 2-231.  That statute is similar to Rule 23 of the Federal Rules of Civil Procedure. *See, e.g.*, *Norman v. Borison*, 17 A.3d 697, 716 n.23 (Md. App. 2011) ("Md. Rule 2-231 is

derived from Federal Rule 23.  As such, our interpretation of the former may be guided, at least

in part, by the history and development of the latter.").  Further, the caption of plaintiff's Class

Action Complaint denotes that it is a "Class Action."  Ex. 1 at 1.  In the Class Action Complaint,

plaintiff defines the putative class to include:

> [H]erself and all others similarly situated who purchased or leased
> Mercedes-Benz vehicles equipped with the M278 engine in
> Maryland within the past ten years, but who have not yet discovered
> the defects pertaining to the engine, or who only discovered the
> defects within the past three years.

*Id*. at 3 ¶ 7.

8.    Maryland Rule 2-231 provides that "[o]ne or more members of a plaintiff class

may sue as representative parties on behalf of all only if (1) the class is so numerous that joinder

of all members is impracticable, (2) there are questions of law or fact common to the class,

(3) the claims of the representative parties are typical of the claims of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class."  *See* Md. R. 2-

231.  Thus, actions alleged under this section qualify as "class actions" for removal jurisdiction

under CAFA because they allow one or more representatives to bring a class action suit.  *See* 28

U.S.C. § 1711(2).

9.    Accordingly, the Class Action Complaint falls within the definition of a "class

action" under CAFA.  *See* 28 U.S.C. § 1332(d)(1)(8).

## III.  MBUSA AND A MEMBER OF THE PUTATIVE CLASS ARE CITIZENS OF DIFFERENT STATES

10.    Diversity of citizenship exists between a member of the proposed class and at

least one defendant, as required by CAFA.  28 U.S.C. § 1332(d)(2).

11.    At the time this action was filed and at the time of removal, MBUSA was, and

still is, a Delaware limited liability company that maintained, and still maintains, its principal

place of business in Georgia. Plaintiff recognizes MBUSA's state of incorporation. *See* Ex. 1 at 2 ¶ 3. MBUSA has only one member, Mercedes-Benz North America Corporation ("MBNAC"). MBNAC is a Delaware corporation with its principal place of business in Michigan.

12.     MBUSA is informed and believes that the sole named plaintiff in this case, K.R. Lacey, is a citizen of the state of Maryland. *See* Ex. 1 at 2 ¶ 2. In addition, as defined, the putative class includes citizens of the state of Maryland. *Id.* ¶ 7. At the time this action was commenced and at the time of the filing of this Notice of Removal, neither MBUSA nor MBNAC were citizens of the state of Maryland. As such, diversity of citizenship exists between MBUSA and plaintiff.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

13.     CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Unlike traditional review of the amount in controversy for claims asserted by individuals, in class actions, CAFA requires that claims of class members be aggregated:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).

14.     "The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal[.]" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (internal quotation marks omitted). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff [with evidence] or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). If contested, "both sides submit proof and the

court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554. "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Cricket Commc'ns*, 865 F.3d at 196.

15.     MBUSA denies all of plaintiff's allegations and specifically denies that plaintiff or any putative class members are entitled to any relief. Without prejudice to its defenses in this action, however, MBUSA avers that the amount in controversy exceeds the $5 million threshold for removal jurisdiction under CAFA, 28 U.S.C. section 1332(d)(2), based on the following:

a.     **Putative Class Vehicles.**  Plaintiff seeks to represent all individuals that purchased or leased a Mercedes-Benz vehicle "equipped with the M278 engine in Maryland within the past ten years, but who have not yet discovered the defects pertaining to the engine, or who only discovered the defects within the past three years." Ex. 1 at 3 ¶ 7. Plaintiff alleges "50 sales per month" by MBUSA during this 10-year period. *Id.* ¶ 8. By this measure, at least 6,000 vehicles have been sold within the putative class, with the number of class plaintiffs clearly being higher, as plaintiff's estimate does not include the many vehicles also have/had multiple owners. In any event, plaintiff claims that "the total number of class members likely is in the hundreds." *Id.* Assuming even the lowest multiple of "hundreds," plaintiff's proposed class contains at least 200 members.

b.     **Plaintiff's Damage Demands.**  Plaintiff's claims are based on allegations that she and the class members are entitled to compensatory and punitive damages, including repair costs, diminution in value, and incidental expenses. Ex. 1 at 6–7 ¶¶ 31, 35, 38. Plaintiff alleges that her repair costs alone total "nearly $40,000" for a single vehicle. Ex. 1 at 4 ¶ 20.

Thus, under plaintiff's estimate of "50 sales per month," i.e., at least 6,000 class members and the assumption that each class member suffered damages equal to those of plaintiff, the amount in controversy totals $240 million. Even under plaintiff's lower estimate of class members, i.e. 200, the amount in controversy is at least $8 million. Additionally, plaintiff claims a diminution in value of her vehicle. Ex. 1 at 5 ¶ 27. Assuming a claimed diminution in value of as little as $1,000, multiplied across 6,000 vehicles, this alone satisfies the amount in controversy requirement.

   c. **The Cost of Injunctive and Other Equitable Relief.** Plaintiff also seeks injunctive relief. Ex. 1 at 8. Courts have found that enforcing injunctive relief will cause the company to suffer a financial loss, and that such potential loss must be considered when determining the amount in controversy under a plaintiff's complaint. *See, e.g.*, *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also* 28 U.S.C. § 1332(d)(6). Here, plaintiff seeks declaratory and injunctive relief. Ex. 1 at 8. Since in excess of 6,000 vehicles are allegedly affected, costs related to what plaintiff seeks—i.e., remedy of the claimed defect—will be significant, in addition to the other amounts in controversy specified above.

## V. 28 U.S.C. § 1466 REQUIREMENTS

  16. **Removal Is Timely.** MBUSA was served on August 29, 2024 and timely filed this Notice of Removal, within 30 days of service of the Class Action Complaint. *See* 28 U.S.C. § 1446(b).

17.      **Removal to This Court Is Proper.**  The Class Action Complaint was filed in the Maryland Circuit Court for Montgomery County, Maryland.  This Court is part of the "district and division within which such action is pending . . . ."  28 U.S.C. § 1446(a).

18.      **Pleadings and Process.**  Pursuant to 28 U.S.C. section 1446(a), a "copy of all process, pleadings, and orders served upon" MBUSA is attached to this Notice of Removal as Exhibit 1.  MBUSA has not answered or otherwise filed a response to the Class Action Complaint.  Other than the documents attached as Exhibit 1, no other pleadings, process, orders, or other papers in this case have been filed, served, or otherwise received by Defendant or, to its knowledge, are presently on file in the Maryland Circuit Court for Montgomery County, Maryland.  If additional filings come to MBUSA's attention, it will promptly provide this Court with true and correct copies of all such papers.

19.      **Notice to All Parties and the State Court.**  In accordance with 28 U.S.C. §§ 1446(b) and 1453(b), MBUSA is serving plaintiff with a copy of a Notice to Plaintiff of Filing of Notice of Removal pursuant to §§ 1332(d), 1441, 1446 & 1453, which is attached hereto as **Exhibit 2**. In accordance with 28 U.S.C. §§ 1446(b) and 1453(b), MBUSA is also filing in the Maryland Circuit Court for Montgomery County a Notice of Filing of Notice of Removal pursuant to §§ 1332(d), 1441, 1446 & 1453, which is attached hereto as **Exhibit 3**.

WHEREFORE, notice is given that this action is removed from the Maryland Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland.

Respectfully submitted,

Dated:  September 26, 2024

/s/ Patrick Hogan
Patrick Hogan
Federal Bar No. 21872
Md. Bar No. 1612130271
Winston & Strawn LLP
1901 L Street NW
Washington, D.C. 20036
Tel: (202) 282-5754
Fax: (202) 282-5100
phogan@winston.com

*Counsel for Defendant*
Mercedes-Benz USA, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 26, 2024, a copy of the foregoing Notice of Removal of Civil Action was served by first class mail, postage prepaid, and via electronic mail upon the following:

    K.R. LACEY
    5257 Buckeystown Pike
    Frederick, Maryland 21704
    Deltag1@mail.com

                          */s/ Patrick Hogan*
                          Patrick Hogan