# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

K.R. LACEY, individually and on behalf of
all others similarly situated,

        Plaintiff,

    v.

MERCEDES-BENZ USA, LLC,
DIMITRIS PSILLAKIS,
SCOTT WEBER, and EURO MOTORCARS
GERMANTOWN, LLC,

        Defendants.

Case No. 8:24-cv-02770-TDC

**DEFENDANT MERCEDES-BENZ USA, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Mercedes-Benz USA, LLC ("MBUSA"), answering for itself alone, responds to plaintiff's operative complaint tiled "Class Action Complaint" filed in the Maryland Circuit Court for Montgomery County ("Complaint"), which is before this Court as Exhibit 1 to MBUSA's Notice of Removal (Dkt. 1-1).

## INTRODUCTION

1.     Plaintiff K.R. Lacey brings this class action complaint against Defendants, on behalf of herself and all others similarly situated, to seek justice for a product defect that Defendants fraudulently concealed from the public. Plaintiff alleges that Mercedes-Benz vehicles equipped with the M278 engine suffer from a manufacturing defect that causes premature engine failure, necessitating costly engine replacements.

**Answer:**     By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims, all claims against Dimitris Psillakis and Scott Weber, all claims for violation of the Maryland Consumer Protection Act, and all allegations of fraudulent concealment. *See* Dkt. 39 ("Mem. Op.") 13–18, 23; Dkt. 40 ("Order"). Accordingly, MBUSA is not required to answer those allegations in paragraph 1. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with Euro Motorcars Germantown, LLC ("EMG") because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 1. MBUSA admits that plaintiff purports to assert certain claims individually but denies that it is liable under any theory. MBUSA also denies the remaining allegations in paragraph 1.

## PARTIES

2.     Plaintiff K.R. Lacey is a resident of Maryland and the owner of a 2015 Mercedes-Benz GL550, purchased as a Certified Pre-Owned vehicle from EMG.

**Answer:** MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 concerning plaintiff K.R. Lacey and, on that basis, denies those allegations.

3. Defendant Mercedes-Benz is a limited liability company organized under the laws of Delaware, with its principal place of business in Delaware. Mercedes-Benz is responsible for the distribution and marketing of Mercedes-Benz vehicles in the United States.

**Answer:** MBUSA objects to the definition of it as "Mercedes-Benz" as there is no such entity, and on that basis, MBUSA denies the related allegations of paragraph 3. MBUSA admits that MBUSA is a Delaware limited liability company and that its principal place of business is in Sandy Springs, Georgia. MBUSA admits that it markets and distributes certain new vehicles in the United States. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 3.

4. Defendant Dimitris Psillakis is a resident of Delaware and the CEO of Mercedes-Benz.

**Answer:** By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all claims against Dimitris Psillakis. *See* Mem. Op. 13; Order. Accordingly, MBUSA is not required to answer the allegations in paragraph 4. To the extent a response is required, MBUSA objects to the definition of it as "Mercedes-Benz" as there is no such entity and on that basis, MBUSA denies the related allegations of paragraph 4. MBUSA admits Dimitris Psillakis was once the CEO of MBUSA. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 4.

5. Defendant Scott Weber is a resident of or carries on a business in Montgomery County, Maryland, and is the General Manager at EMG.

**Answer:** By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all claims against Scott Weber. *See* Mem. Op. 15–18, 23; Order. Accordingly, MBUSA is not required to answer the allegations in paragraph 5. Furthermore, the allegations in paragraph 5 are not directed at MBUSA and therefore no response is required. To the extent a response is required, MBUSA objects to the alternative pleading of this allegation. MBUSA admits that Scott Weber is the General Manager of EMG. Except as expressly admitted, MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and, on that basis, denies those allegations.

6. Defendant EMG is a limited liability company organized under the laws of Delaware, with its principal place of business in Montgomery County, Maryland.

**Answer:** MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, on that basis, denies those allegations.

## CLASS ALLEGATIONS

7. Ms. Lacey brings this action as a class action pursuant to Maryland Rule 2-231 on behalf of herself and all others similarly situated who purchased or leased Mercedes-Benz vehicles equipped with the M278 engine in Maryland within the past ten years, but who have not yet discovered the defects pertaining to the engine, or who only discovered the defects within the past three years.

**Answer:** By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims, all claims for violation of the Maryland Consumer Protection Act, and all allegations of fraudulent concealment. *See* Mem. Op. 14–18; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 7. Furthermore, the allegations in paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits that plaintiff purports to assert certain claims individually but denies

3

that it is liable under any theory. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 7.

8.      The proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Ms. Lacey at this time and can only be ascertained through appropriate discovery. Upon information and belief, based on an average estimate of 50 sales per month, the total number of class members likely is in the hundreds.

**Answer:**      By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims. *See* Mem. Op. 14; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 8. Furthermore, the allegations in paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 8.

9.      There are questions of law and fact common to the class, including whether the M278 engine is defective and whether Defendants knew or should have known of the defect.

**Answer:**      By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims, all claims against Dimitris Psillakis and Scott Weber, all claims for violation of the Maryland Consumer Protection Act, and all allegations of fraudulent concealment. *See* Mem. Op. 13–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 9. Furthermore, the allegations in paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 9. MBUSA denies the allegations in paragraph 9 and specifically denies that it is liable under any theory.

10.     Ms. Lacey's claims are typical of the claims of the class, as all members have been similarly affected by Defendants' wrongful conduct, and it is unlikely that any of the class members have discovered the defect sooner than three years ago.

**Answer:**     By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims, all claims against Dimitris Psillakis and Scott Weber, all claims for violation of the Maryland Consumer Protection Act, and all allegations of fraudulent concealment. *See* Mem. Op. 13–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 10. Furthermore, the allegations in paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 10. MBUSA admits that plaintiff purports to assert certain claims individually but denies that it is liable under any theory. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 10.

11.     Ms. Lacey will fairly and adequately protect the interests of the class and will consult with counsel competent and experienced in class action litigation at each stage of this litigation.

**Answer:**     By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims. *See* Mem. Op. 14; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 11. Furthermore, the allegations in paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 11.

## JURISDICTION AND VENUE

12. The relief claimed in this action includes damages in excess of $30,000.00, exclusive of prejudgment or postjudgment interest, costs and counsel fees. This Court, therefore, has original jurisdiction over this matter pursuant to MD. CODE, CTS. & JUD. PROC. § 1-501.

**Answer:** The allegations in paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits that plaintiff purports to assert certain claims individually seeking damages greater than $30,000.00 but denies that it is liable under any theory. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 12, and specifically denies this action is within the subject matter jurisdiction of the Maryland Circuit Court.

13. This Court has personal jurisdiction over Defendants because they each take part in the regular marketing and distribution of Mercedes automobiles, including the vehicle subject of this case, in Maryland.

**Answer:** By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all claims against Dimitris Psillakis and Scott Weber. *See* Mem. Op. 13, 15–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 13. Furthermore, the allegations in paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 13. MBUSA further objects to the definition of it as "Mercedes" as there is no such entity, and on that basis, MBUSA denies the related allegations of paragraph 13. MBUSA admits that it markets and distributes new Mercedes-Benz vehicles in the United States, including Maryland. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 13.

14. Venue is proper in this Court, pursuant to MD. CODE, CTS. & JUD. PROC. § 6-201(b), in that there is more than one defendant and there is no single venue applicable to all defendants, but the cause of action arose at EMG in Montgomery County, Maryland.

**Answer:** The allegations in paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits there is more than one defendant in this case. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 14.

## GENERAL ALLEGATIONS

15. Ms. Lacey purchased a Certified Pre-Owned 2015 Mercedes-Benz GL550 from EMG in June 2019.

**Answer:** The allegations in paragraph 15 are not directed at MBUSA, but to the extent any response is required, MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 concerning plaintiff K.R. Lacey and, on that basis, denies those allegations.

16. In October 2022, when Ms. Lacey's car had logged only 35,000 miles, she encountered the car's engine shuddering and its unexpected loss of power on the freeway.

**Answer:** MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 concerning plaintiff K.R. Lacey and, on that basis, denies those allegations.

17. The car was taken to Mercedes-Benz of Hagerstown on three occasions for evaluation. In July 2023, Ms. Lacey was informed that the engine cylinders were scored, leading to a misfire in Cylinder No. 5, and that the engine needed to be replaced.

**Answer:** MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 concerning plaintiff K.R. Lacey and, on that basis, denies those allegations.

18.    It was reasonable for Ms. Lacey to have not discovered the defect prior to that date.

**Answer:**    The allegations in paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 18.

19.    Ms. Lacey had the car towed to a second Mercedes-Benz factory-authorized dealership, where a borescope evaluation confirmed complete engine failure.

**Answer:**    MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 concerning plaintiff K.R. Lacey and, on that basis, denies those allegations.

20.    Despite repeated requests, neither Mercedes-Benz nor EMG assumed sole responsibility or provide explanation for repair costs, which amounted to nearly $40,000.

**Answer:**    MBUSA objects to the definition of it as "Mercedes-Benz" as there is no such entity, and on that basis, MBUSA denies the related allegations of paragraph 20. MBUSA further denies the remaining allegations in paragraph 20.

21.    Ms. Lacey wrote numerous letters to Mercedes-Benz and EMG and also sought the assistance of the Maryland Attorney General's Office to mediate a settlement but received no satisfactory response.

**Answer:**    MBUSA objects to the definition of it as "Mercedes-Benz" as there is no such entity, and on that basis, MBUSA denies the related allegations of paragraph 21. MBUSA admits that Bertram Lacey (not plaintiff) contacted MBUSA regarding the vehicle that is subject to this litigation. MBUSA is without knowledge or information as to the actions of plaintiff with respect to a third party and on that basis denies those allegations in paragraph 21. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 21.

22.    Ms. Lacey's vehicle experienced premature engine failure due to a defect in the M278 engine, specifically involving the use of aluminum-silicon cylinder coating, which all Defendants were aware of but did not disclose to consumers.

**Answer:**    By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all claims against Dimitris Psillakis and Scott Weber, and all allegations of fraudulent concealment. *See* Mem. Op. 13, 15–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 22. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 22. MBUSA otherwise denies the allegations in paragraph 22.

23.    The defect has been discussed in numerous online videos, blogs, internal corporate Mercedes-Benz memoranda, and technical journals, and is well-known to Mercedes-Benz technicians and dealers. Upon information and belief, all Defendants were well-aware of the defect prior to Ms. Lacey's purchase.

**Answer:**    By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all claims against Dimitris Psillakis and Scott Weber, and all allegations of fraudulent concealment. *See* Mem. Op. 13, 15–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 23. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 23. MBUSA objects to the definition of it as "Mercedes-Benz" as there is no such entity, and on that basis, MBUSA denies the related allegations of paragraph 23. MBUSA otherwise denies the allegations in paragraph 23.

24.    Ms. Lacey brings this action to seek redress for herself and similarly situated Maryland owners and lessees of Mercedes vehicles equipped with the M278 engine, for violations of the Maryland Consumer Protection Act, Maryland Consumer Warranty Act, and other applicable laws.

**Answer:**    By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims, all claims against Dimitris Psillakis and Scott Weber, all claims for violation of the Maryland Consumer Protection Act, and all allegations of fraudulent concealment. *See* Mem. Op. 13–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 24. To the extent a response is required, MBUSA admits that plaintiff purports to assert certain claims individually but denies that it is liable under any theory. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 24.

25.    Ms. Lacey incurred significant expenses including diagnostic tests, travel, postage, and interest on loans while attempting to repair the vehicle.

**Answer:**    MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 concerning plaintiff K.R. Lacey and, on that basis, denies those allegations.

26.    Ms. Lacey's attempts to resolve the issue through the Maryland Attorney General's Office were unsuccessful due to Defendants' lack of response.

**Answer:**    By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims, all claims against Dimitris Psillakis and Scott Weber, all claims for violation of the Maryland Consumer Protection Act, and all allegations of fraudulent concealment. *See* Mem. Op. 13–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 26. To the extent a response is required, MBUSA objects to any

10

definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 26. MBUSA otherwise denies the allegations in paragraph 26.

27. Ms. Lacey alleges that all Defendants engaged in fraudulent concealment of the engine defect, resulting in financial harm and diminished value of the vehicle.

**Answer:** By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all claims against Dimitris Psillakis and Scott Weber, and all allegations of fraudulent concealment. *See* Mem. Op. 13, 15–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 27. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 27. MBUSA admits that plaintiff purports to assert certain claims individually but denies that it is liable under any theory and that plaintiff has properly alleged fraudulent concealment. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 27.

28. Ms. Lacey seeks to bring this action as a class action on behalf of all Maryland owners and lessees of Mercedes vehicles equipped with the M278 engine, who purchased or leased the vehicles within the past ten years, and who have not yet discovered the defect pertaining to the engine or who only discovered the defect within the past three years.

**Answer:** By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims. *See* Mem. Op. 14; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 28. To the extent a response is required, MBUSA admits that plaintiff purports to assert certain claims individually but denies that it is liable under any theory. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 28.

11

## COUNT I

## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT

29.     Ms. Lacey incorporates by reference each of the preceding allegations as though fully set forth herein.

**Answer:**     By Memorandum Opinion and Order dated September 5, 2025 the Court dismissed all allegations related to violation of the Maryland Consumer Protection Act. *See* Mem. Op. 15–18; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 29. Furthermore, the allegations in paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, MBUSA repeats and realleges its answers as set forth in the preceding paragraphs.

30.     Defendants, by virtue of fraudulently concealing the known defect, have each violated the Maryland Consumer Protection Act by representing that their goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have; by representing that their goods or services are of a particular standard, quality, or grade, if they are of another; by advertising goods and services with the intent not to sell them as advertised; and by representing that their subscription service confers or involves rights, remedies, or obligations which it does not have or involve.

**Answer:**     By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all allegations related to violation of the Maryland Consumer Protection Act. *See* Mem. Op. 15–18; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 30. Furthermore, the allegations in paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct

12

corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 30. MBUSA otherwise denies the allegations in paragraph 30.

31.     As a direct and proximate result of Defendants' actions, Ms. Lacey and the class have suffered damages, including diminution in value of their vehicles, out-of-pocket repair costs, and other incidental expenses.

**Answer:**     By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all allegations related to violation of the Maryland Consumer Protection Act. *See* Mem. Op. 15–18; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 31. Furthermore, the allegations in paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 31. MBUSA otherwise denies the allegations in paragraph 31.

<u>**COUNT II**</u>

<u>**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**</u>

32.     Ms. Lacey incorporates by reference each of the preceding allegations as though fully set forth herein.

**Answer:**     MBUSA repeats and realleges its answers as set forth in the preceding paragraphs.

33.     By operation of the Maryland Commercial Code, the sale and lease of each of the GL550 Class vehicles carries with it an implied warranty of merchantability for the Class vehicles under which the vehicles were to be of merchantable quality.

**Answer:**     By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims. *See* Mem. Op. 14. Accordingly, MBUSA is not required to

13

answer those allegations in paragraph 33; Order. Furthermore, the allegations in paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 33.

34. Defendants each breached the implied warranty of merchantability by manufacturing and selling vehicles with defective pistons and cylinder technology, a critical component of the engine.

**Answer:** By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all claims against Dimitris Psillakis and Scott Weber. *See* Mem. Op. 13, 15–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 34. Furthermore, the allegations in paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 34. MBUSA denies that it manufactured the vehicles at issue. MBUSA otherwise denies the allegations in paragraph 34.

35. As a direct and proximate result of Defendants' breach, Ms. Lacey and the class have suffered damages, including diminution in value of their vehicles, out-of-pocket repair costs, and other incidental expenses.

**Answer:** By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims and all claims against Dimitris Psillakis and Scott Weber. *See* Mem. Op. 13–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 35. Furthermore, the allegations in paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of

14

"Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 35. MBUSA otherwise denies the allegations in paragraph 35.

## COUNT III

## FRAUDULENT CONCEALMENT

36.    Ms. Lacey incorporates by reference each of the preceding allegations as though fully set forth herein.

**Answer:**    By Memorandum Opinion and Order dated September 5, 2025 the Court dismissed all allegations related to fraudulent concealment. *See* Mem. Op. 15–18; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 36. To the extent a response is required, MBUSA repeats and realleges its answers as set forth in the preceding paragraphs.

37.    Defendants each fraudulently concealed the presence of the defect in the M278 engine from Ms. Lacey and the class. Defendants acted with actual malice insofar as their pursuit of profits over the safety of their customers constitutes ill will and a blatant disregard for foreseeable damages.

**Answer:**    By Memorandum Opinion and Order dated September 5, 2025 the Court dismissed all allegations related to fraudulent concealment. *See* Mem. Op. 15–18, 23; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 37. Furthermore, the allegations in paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 37. MBUSA otherwise denies the allegations in paragraph 37.

38.    As a direct and proximate result of Defendants' fraudulent concealment, Ms. Lacey and the class have suffered damages, including diminution in value of their vehicles, out-of-pocket repair costs, and other incidental expenses. Compensatory and punitive damages are warranted.

**Answer:**    By Memorandum Opinion and Order dated September 5, 2025 the Court dismissed all class claims and all allegations related to fraudulent concealment. *See* Mem. Op. 14–18; Order. Accordingly, MBUSA is not required to answer those allegations in paragraph 38. Furthermore, the allegations in paragraph 38 state legal conclusions to which no response is required. To the extent a response is required, MBUSA objects to any definition of "Defendants" referring to it collectively with EMG and any other party because each is a separate and distinct corporate entity, and on that basis, MBUSA denies the related allegations in paragraph 38. MBUSA otherwise denies the allegations in paragraph 38.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff K.R. Lacey, individually and on behalf of all other similarly situated, prays for relief as follows:

A.    Certification of the class pursuant to Maryland Rule 2-231;

B.    Declaratory and injunctive relief;

C.    Compensatory and punitive damages;

D.    Restitution and Disgorgement of ill-gotten gains;

E.    Attorneys' fees and costs;

F.    Pre- and post-judgment interest;

G.    Such other and further relief as the Court may deem just and proper.

**Answer:**    By Memorandum Opinion and Order dated September 5, 2025, the Court dismissed all class action claims. *See* Mem. Op. 14; Order. Accordingly, MBUSA is not required to answer those allegations in this request for relief. MBUSA denies that plaintiffs and putative

16

class members are entitled to the relief requested or any other relief. MBUSA otherwise denies the allegations in this request for relief including subparagraphs A–G.

## DEMAND FOR JURY TRIAL

Plaintiff K.R. Lacey demands a jury trial as to all issues in this matter.

**Answer:** MBUSA admits that plaintiff seeks a trial by jury.

## DEFENSES

By alleging the defenses set forth below, MBUSA does not concede that it has the burden of proof or persuasion with respect to any of these issues.

## FIRST DEFENSE

MBUSA denies all allegations not expressly admitted, including but not limited to, the allegations in headings in the Complaint, and specifically reserves all affirmative or other defenses that it may have against plaintiff.

## SECOND DEFENSE

MBUSA specifically reserves all affirmative or other defenses as may become available or appear upon further developments in the case.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations. The statutes of limitations should not be tolled by the discovery rule because plaintiff has not made any plausible allegations of fraud, because the information which would allegedly have been concealed is not the kind of information that requires disclosure, any statements regarding the information in

17

question were not made with the intent to mislead nor did plaintiff rely on any such statements, and any representations made to plaintiff were not material.

### FIFTH DEFENSE

Plaintiff's claims are barred to the extent plaintiff has failed to mitigate her damages.

### SIXTH DEFENSE

Plaintiff may not seek equitable relief because she has an adequate remedy at law.

### SEVENTH DEFENSE

Plaintiff's claims were not brought within a reasonable time after they were or should have been discovered and therefore are barred by the doctrine of laches. MBUSA has been prejudiced by plaintiff's delay in bringing stale, tardy claims.

### EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they are moot.

### NINTH DEFENSE

Plaintiff's claims are barred to the extent any injury plaintiff sustained was caused by her own negligent or intentional conduct and/or the negligent or intentional conduct of third parties. Plaintiffs' claims are also barred to the extent that any injury plaintiff sustained was caused by acts of nature and/or natural causes.

### TENTH DEFENSE

Any claim for damages, restitution, or other monetary recovery by plaintiff must be offset and reduced by the value received from the vehicles purchased or leased.

### ELEVENTH DEFENSE

The claims of plaintiff are barred, in whole or in part, to the extent they are subject to the doctrines of *res judicata*, collateral estoppel, release, accord and satisfaction, settlement, arbitration and award, fraud, offset, and voluntary payment.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands, waiver, and/or estoppel.

## THIRTEENTH DEFENSE

There are superseding and/or intervening causes for the damages, if any, incurred by plaintiff that bar recovery against MBUSA.

## FOURTEENTH DEFENSE

The claims made by plaintiff are barred, in whole or in part, because plaintiff lacks standing to bring this action or seek the relief requested.

## FIFTEENTH DEFENSE

The claims made by plaintiff are barred, in whole or in part, by plaintiff's failure to provide effective or legally required notice.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiff did not enter into any transaction with MBUSA.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff enjoyed the full benefit of her purchase of the vehicle.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages sought are speculative, remote, and impossible to ascertain.

## NINETEENTH DEFENSE

To the extent plaintiff seeks punitive or exemplary damages, including disgorgement of ill-gotten gains, the Complaint violates MBUSA's right to due process protected under the Fifth and

19

Fourteenth Amendments to the United States Constitution and the right to protection against excessive fines under the Eighth Amendment to the United States Constitution.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff made her purchase with actual or constructive notice of the allegations in this lawsuit.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff seek relief that goes beyond the remedies provided by the New Vehicle Limited Warranty or any other applicable warranty.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff is not in privity of contract with MBUSA.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent such claims are disclaimed or otherwise limited by the New Vehicle Limited Warranty or any other applicable warranty.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms of binding written contracts, including by releases, contractual limitations on lawsuits or limitations on liability, class action waivers, and/or arbitration agreements.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by spoliation of evidence (including, without limitation, the subject vehicle, its component parts, and/or any testing thereof) and the failure to preserve evidence necessary to the determination of the claims.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the misuse, alteration, or improper use and/or maintenance of her vehicle, with no act or omission or fault of MBUSA contributing thereto.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred because MBUSA, at all relevant times, complied with applicable federal, state, or other regulations covering the sale and distribution of the vehicle at the time of manufacture.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred because the methods, standards, warnings, and instructions used in the production and/or marketing and sale of the vehicle conformed with the generally recognized, reasonably available, and reliable state of industry knowledge when the product was manufactured, marketed, and sold.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred because the methods, standards, warnings, and instructions used in the production and/or marketing and sale of the vehicle conformed with the generally recognized, reasonably available, and reliable state of industry knowledge when the product was manufactured, marketed, and sold.

## THIRTIETH DEFENSE

MBUSA did not commit any act or omission, or supply a defective product that caused or contributed to plaintiff's alleged injuries and/or damages. However, if MBUSA is determined liable, any recovery by plaintiffs should be reduced by a pro rata amount attributable to the negligence of any other parties or responsible nonparties.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims are subject to arbitration agreements that require the disputes herein to be resolved by way of binding arbitration.

**THIRTY-SECOND DEFENSE**

MBUSA reserves the right to raise such additional defenses as may be established during discovery and by the evidence in this case.

WHEREFORE, MBUSA prays for judgment as follows:

1. That plaintiff takes nothing;

2. That the Court enter judgment in favor of MBUSA on each remaining cause of action alleged against it in the Complaint;

3. That MBUSA be awarded its costs, expenses, and reasonable attorneys' fees; and

4. That the Court grant MBUSA all further legal and equitable relief that it deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

MBUSA demands a jury trial for all claims so triable.

Dated: September 22, 2025                Respectfully submitted,


                                         */s/ Patrick Hogan*
                                         Patrick Hogan
                                         Federal Bar No. 21872
                                         Md. Bar No. 1612130271
                                         Roland Hartung (*pro hac vice*)
                                         **WINSTON & STRAWN LLP**
                                         1901 L Street, N.W.
                                         Washington, D.C. 20036
                                         D: +1 202-282-5754
                                         F: +1 202-282-5100
                                         phogan@winston.com
                                         rhartung@winston.com

                                         *Counsel for Defendants*


22

*Mercedes-Benz USA, LLC, and*
*Euro Motorcars Germantown, LLC*

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that, on September 22, 2025, a copy of Defendant Mercedes Benz-USA, LLC's Answer to Plaintiff's Complaint was filed with the Court's CM/ECF system, which will send notice of electronic filing to all registered parties. In addition, the foregoing was served by first class mail, postage prepaid, and via electronic mail upon the following:

K.R. LACEY
5257 Buckeystown Pike
Frederick, Maryland 21704
Deltag1@mail.com

*/s/ Patrick Hogan*
Patrick Hogan

24